IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAACO FRANCHISING, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES C. ROLLINS, et al. | : | NO. 13-766 |
| | : | |

## MEMORANDUM

**Padova, J.**                                                               **May 13, 2013**

Plaintiff Maaco Franchising, Inc. ("Maaco") has brought this breach of contract and other claims against Defendants James C. Rollins, Marlene Rollins, and James M. Rollins, arising out of a franchise agreement between Maaco and Defendants. Presently before the Court is Defendants' "Motion to Vacate Default." For the reasons that follow, we grant the Motion and set aside the entry of default against Defendants.

## I.    BACKGROUND

This case arises out of a contract dispute between Maaco and Defendants. The Complaint alleges that on April 25, 2005, Maaco and Defendants entered into a Transfer Franchise Agreement (the "Franchise Agreement"), under which Defendants were granted the right to operate a Maaco Auto Painting and Bodyworks Center (the "Center") in Clarksville, Tennessee. (Compl. ¶ 14.) Under the terms of the Franchise Agreement, Defendants were licensed to: (1) operate the Center under the trade name "Maaco"; (2) display the Maaco name, logo, and marks; (3) receive training and access to Maaco's methods; and (4) participate in the Maaco network of licensed vehicle painting and auto body repair shops. (Id. ¶ 17.)

The Franchise Agreement also obligated Defendants to: (1) pay a weekly royalty fee; (2) pay a weekly advertising contribution; (3) provide weekly sales reports; and (4) pay for paint and supplies ordered from Maaco. (Id. ¶ 18.) The Franchise Agreement prohibited Defendants from

disclosing Maaco's trade secrets and confidential and proprietary information. (Id. ¶¶ 20-21.) The Franchise Agreement also includes a covenant not to compete. (Id. ¶ 22.) On April 25, 2005, the parties also executed a Maaco Polaris 2000 Software License Agreement (the "Polaris Agreement"), under which Defendants were granted a limited license to use Maaco Polaris software in their operation of the Center. (Id. ¶¶ 24-25.)

Defendants breached the Franchise Agreement by failing to pay Maaco franchise fees and advertising contributions and by failing to pay for paint and supplies ordered from Maaco. (Id. ¶ 28.) Maaco sent Defendants a Notice of Default letter on September 21, 2012, notifying them of their breaches, advising them that they had thirty days to cure those breaches, and informing them that they owed Maaco $176,257.18. (Id. ¶¶ 29-30.) Defendants failed to cure their breaches within thirty days. (Id. ¶ 31.) Maaco then sent Defendants a Notice of Termination of Franchise Agreement dated December 10, 2012, which advised Defendants that Maaco had terminated the Franchise Agreement. (Id. ¶ 32.) The Notice also demanded strict compliance with Defendants' post-termination obligations under the Franchise Agreement, including immediate and permanent cessation of their use of Maaco marks. (Id. ¶ 33.) Despite Maaco's termination of the Franchise Agreement, Defendants have continued to operate an unauthorized Maaco business. (Id. ¶ 36.)

The Complaint asserts claims against Defendants for: trademark infringement and unfair competition (Count I); breach of the post-termination covenant not to compete (Count II); breach of the covenant of confidentiality (Count III); breach of the Franchise Agreement (Count IV); unfair competition (Count V); and breach of Polaris Agreement (Count VI).

Maaco filed the Complaint on February 12, 2013, and served Defendants on February 21, 2013. Defendants failed to timely answer or otherwise move in response to the Complaint. Maaco filed a request for entry of default against Defendants on March 19, 2013, and the Clerk entered the default on the docket, pursuant to Federal Rule of Civil Procedure 55(b)(1), in favor of Maaco and against Defendants. On April 15, 2013, Defendants filed a "Motion to Vacate Default" and an Answer to the Complaint.

## II. LEGAL STANDARD

Defendants have moved to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). We consider three factors in determining whether to set aside an entry of default: "(1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Entries of default are disfavored, and the United States Court of Appeals for the Third Circuit "require[s] doubtful cases to be resolved in favor of the party [moving to set aside the default] 'so that cases may be decided on their merits.'" $55,518.05 in U.S. Currency, 728 F.2d at 194-95 (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951) (other citations omitted)).

## III. DISCUSSION

### A. Litigable Defense

The threshold factor in our analysis is whether the Defendants have alleged facts which could constitute meritorious defenses to Maaco's causes of action. Resolution Trust Corp. v.

Forest Grove, Inc., 33 F.3d 284, 288 (3d Cir. 1994) (quotation omitted). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244; and citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)). It is not enough for Defendants to simply deny the factual allegations in the Complaint. Rather, Defendants must allege facts, which, if established, would enable them to prevail in the action. Id. at 196. Defendants are "not required 'to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face.'" Jackson v. Delaware Cnty., 211 F.R.D. 282, 284 (E.D. Pa. 2002) (quoting Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)) (other citation omitted).

Maaco's claims against Defendants relate to Defendants' alleged breach of the Franchise Agreement, and their continued use of Maaco's marks, materials, and software after Maaco purportedly terminated the Franchise Agreement. Defendants' Answer alleges that Defendants did not breach their obligations under the Franchise Agreement to pay Maaco franchise fees and advertising contributions because Maaco misapplied Defendants' local advertising contributions and improperly demanded "large market advertising expectations upon Defendants' small market center." (Answer at ¶¶ 62-63; Twenty-Seventh and Twenty-Ninth Affirmative Defenses). The Answer also alleges that, because Defendants did not breach the Franchise Agreement, Maaco's attempted termination of the Franchise Agreement was improper, and thus Maaco is not entitled to enforce its post-termination provisions. (Id. ¶¶ 32, 37.) The Answer further alleges that Defendants have not disclosed any of Maaco's trade secrets or proprietary information (id. ¶ 55), and that the Center no longer uses the Polaris system (id. ¶¶ 70-71). Defendants have thus

alleged facts that, if true, would establish that they did not breach the Franchise Agreement or any of their post-termination obligations to Maaco. We conclude that the Answer alleges facts that could constitute a meritorious defense which, if proven, would allow Defendants to prevail at trial. Accordingly, we further conclude that this factor weighs in favor of granting the Motion.

      B.     <u>Culpable Conduct</u>

We may refuse to set aside an entry of default if Defendants engaged in "dilatory behavior that is willful or in bad faith." <u>United States v. Mentzer</u>, Civ. A. No. 09-2065, 2012 WL 1020232, at *3 (E.D. Pa. Mar. 27, 2012) (citing <u>Dizzley v. Friends Rehab. Prog., Inc.</u>, 202 F.R.D. 146, 148 (E.D. Pa. 2001)). The culpable conduct factor requires a showing of more than mere negligence on the part of the Defendants. <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984). Generally, an unexcused failure to file an answer to a complaint does not constitute bad faith or justify the "extreme" sanction of refusal to set aside an entry of default. <u>Emasco</u>, 834 F.2d at 75 (citation omitted).

Defendants aver that their delay in answering the Complaint is not a result of culpable conduct because Maaco improperly served James M. Rollins, the primary decisionmaker and administrator of his family's business, at his parents' address rather than at his address. (Mot. ¶¶ 2-3, 9-10; James M. Rollins Decl. ¶¶ 3-5; 11-13.) Defendants also aver that they contacted Maaco's counsel as soon as they discovered the entry of default against them, and requested an extension of time to respond to the Complaint as well as a stipulation to set aside the entry of default. (Mot. ¶ 11-12; James M. Rollins Decl. ¶¶ 14-15.) Defendants further aver that, because they reside in Tennessee, they had difficulty finding competent counsel to represent them in the Eastern District of Pennsylvania. (Mot. ¶ 5; James M. Rollins Decl. ¶ 5.)

Maaco argues that Defendants' conduct was culpable because, even if James M. Rollins was improperly served, Defendants do not deny that he had notice of the Complaint, and, in any event, his parents, who are also named defendants, were properly served. Maaco further argues that Defendants could have proceeded pro se, and thus their excuse regarding their failure to find a local attorney lacks merit. However, Maaco has not presented any evidence that Defendants' failure to timely answer the Complaint was the result of bad faith, or that Defendants intentionally or willfully intended to stall litigation or prejudice Maaco. Rather, while Defendants' conduct may have been negligent, it falls far short of justifying the "extreme" sanction of refusal to set aside the entry of default. Emasco, 834 F.2d at 75 (citation omitted). Therefore, based on facts presented by the parties, we find that Defendants' conduct was not culpable. Accordingly, we conclude that this factor weighs in favor of granting the Motion.

C.     Prejudice

Prejudice to the non-defaulting party may also warrant the denial of a motion to set aside an entry of default. To establish that Maaco would be prejudiced by setting aside the entry of default, we must find that Maaco has been hindered in its ability to pursue its claims since the entry of default. Hirtz, 732 F.2d at 1182 (discussing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982)). Generally, "[p]rejudice exists if circumstances have changed since entry of default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable.'" Danilo v. Healthhelp, Inc., Civ. A. No. 01-5625, 2002 WL 32345697, at *1 (E.D. Pa. July 3, 2002) (quoting Accu-Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991)).

Maaco argues that it would be prejudiced if we set aside the entry of default because this case would be further delayed, it would incur substantial attorney's fees to litigate this case, and Defendants would continue to profit from their breach of contract. However, there is no evidence that shows that Maaco's ability to pursue its claims on the merits has been hindered since the entry of default, or that relevant evidence has been lost or has become unavailable. Because "delay in satisfying a claim 'rarely serves to establish the degree of prejudice sufficient to prevent the opening of [a] default judgment,'" we reject Maaco's suggestion that the delay caused by Defendants' failure to timely answer the Complaint establishes that it will be prejudiced in litigating its claims on the merits. Allstate Ins. Co. v. Ervin, Civ. A. No. 05-028, 2006 WL 557715, at *2 (E.D. Pa. Mar. 2, 2006) (quoting Feliciano, 691 F.3d at 658)). We also reject Maaco's argument that the accumulation of attorney's fees in litigating this case is the kind of prejudice required to justify a refusal to set aside the entry of default. See id. ("The prejudice element of Rule 55(c) requires a loss of relevant evidence, an increased potential for fraud, or some other occurrence materially impairing the plaintiff's claims." (citation omitted)). Therefore, we find that Maaco would not be prejudiced if we set aside the entry of default. Accordingly, we conclude that this factor weighs in favor of granting the Motion.

In sum, all three factors weigh in favor setting aside the entry of default against Defendants. Therefore, we grant the Motion and set aside the entry of default against Defendants.

D.    Terms and Conditions upon Setting Aside Entry of Default

Maaco requests that, if we grant the Motion, we require Defendants to post a bond in the amount of $201,889.11, which it asserts is the amount that Defendants owe to Maaco under the

Franchise Agreement. Maaco further requests that we "admonish" Defendants for their conduct thus far, and "instruct" them to adhere to the time limitations in the Federal Rules.

Upon vacating a default judgment, a court has the power "to impose terms and conditions" upon the defaulting party. Feliciano, 691 F.2d at 657 (citations omitted). In certain circumstances, courts may condition the setting aside of an entry of default upon the posting of a security bond. See, e.g., Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001) (listing cases). In this case, we do not find that requiring these Defendants to post a bond is appropriate or necessary. Maaco has not alleged that Defendants will be unable to pay a judgment if Maaco prevails on its claim, and Maaco has otherwise failed to persuade us that there are exceptional circumstances in this case that would justify a bond requirement. Moreover, because we find that Defendants have not acted in bad faith, we similarly decline to "admonish" or "instruct" Defendants as to their conduct and responsibilities in this action.

## IV. CONCLUSION

The Third Circuit has expressed a strong preference for resolving motions to set aside an entry of default in favor of the party moving to set aside the entry of default "so that cases may be decided on their merits." $55,518.05 in U.S. Currency, 728 F.2d at 194-95 (internal quotation and citations omitted). For the foregoing reasons, we grant the Motion and set aside the entry of default against Defendants.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.